## SUPREME COURT.

### ELLICE agt. VAN RENSSELAER.

*Interest* upon tax warrants, issued under the act to equalize taxation, can not be collected.

Where a judgment creditor, whose execution was junior to some of the tax warrants in the sheriff's hands, and older than others, *held*, that on a sale of defendant's property, under the tax warrants, the judgment creditor not desiring to advertise under his execution, *all* the tax warrants in the sheriff's hands must first be paid out of the proceeds of the sale, and next, the execution of the judgment creditor.

*Rensselaer Special Term, February* 1851. Motion for an order directing the sheriff of Rensselaer to apply certain moneys arising from the sale of the defendant's property upon the execution in this cause.

The judgment in this cause was recovered and docketed in September 1848. In March 1847, the treasurer of the county of Rensselaer had delivered to the sheriff seven warrants, issued pursuant to the provisions of the " act to equalize taxation," directing him to collect $1352·09, for unpaid taxes, and seven dollars for the expense of issuing the warrants. In March 1848, four other similar warrants were issued for the collection of $558·40. In 1849 another warrant was issued for the collection of $224·30.

By virtue of these warrants the sheriff seized and sold certain real estate of the defendant for $2700. An execution having been issued upon the judgment in this cause, which, on the 9th of September 1850, had been assigned to Robert Christie, jr. before the sale, the assignee immediately after the sale, and before the sheriff had made any application of the proceeds, demanded that the surplus moneys, after satisfying the amount of the warrants issued in 1847 and 1848, and before the recovery of his judgment, should be applied upon his execution. The sheriff refused to make such application, on the ground that he was authorized to collect interest upon the tax warrants. It also appears that when the sheriff was about to advertise the property for sale

under the warrants, he proposed to Christie to advertise other real estate, upon which the judgment was a lien, to satisfy his execution, but that Christie requested him not to do so. The collection of the warrants issued to the sheriff had, for a long time, been delayed by injunctions restraining such collection. Before receiving notice of this motion, and immediately after the sale, the sheriff paid over to the couny treasurer all the proceeds of the sale, except about $75, retained for his fees.

R. CHRISTIE, JR. *for Motion.*

C. L. TRACY, *for Sheriff.*

HARRIS, Justice.—The right to collect interest upon an execution is wholly statutory. At common law no such right existed in any case. But the law to equalize taxation, under which the warrants in question were issued, is silent on the subject of interest. It authorizes the county treasurer to issue his warrant to the sheriff, commanding him to make " *the amount of the tax,* together with one dollar for the expense of issuing the warrant. It is also provided that the sheriff shall proceed upon the warrant, in the same manner as is prescribed by law in respect to executions, and shall be entitled to the same fees for his services in executing the warrant ( *Sess. Laws,* 1846, *p.* 467, § 4, 5). There is nothing in the provisions from which it can be inferred that the legislature intended that interest should be collected. On the contrary, I think it was the obvious intention of the legislature that the same amount should be collected, as though the tax had been received by the collector. If interest can be collected at all, for the long period during which the payment of the tax was delayed, by reason of the injunction, it must be by way of damages to be recovered under the bond or undertaking executed when the injunction was obtained.

But I think the sheriff was right in applying so much of the proceeds of the sale as was necessary to satisfy the warrant whose lien was junior to that of the plaintiffs' judgment. When it was proposed to advertise under the plaintiffs' execution, the sheriff was requested not to do so. Under these circumstances

the sheriff was bound, I think, after satisfying the prior warrants, to apply the proceeds of the sale to the satisfaction of any other process in his hands by virtue of which he had sold. The sale was not made by virtue of the plaintiff's execution. The plaintiff still retained his right of redemption, which would have been lost had the sale been made under all the process in the sheriff's hands.

Nor do I think the payment of the proceeds of the sale to the treasurer, after the claim made by Mr. Christie, should protect him against an order for the proper application of the proceeds of the sale. After such a demand, if he chose to pay over the funds, he must be considered as having taken the risk of an erroneous application upon himself.

An order must be entered directing the sheriff, after first satisfying all the warrants in his hands at the time of the sale, together with his fees thereon, to apply the residue of the proceeds towards the satisfaction of the execution in this cause. Neither party is to have costs upon this motion.